## 17595. VESTA ACCUMULATOR COMPANY *et al.* v. DOUGLAS.

The question whether the damage to the plaintiff's building arose from the ordinary and reasonable use of the premises by the defendant as lessee was one of fact for the jury; and, the verdict being a finding that a part of the damage was caused by what amounted to an unreasonable use of the premises, and the evidence not demanding, as a matter of law, a finding to the contrary, the verdict can not be disturbed by this court.

DECIDED OCTOBER 29, 1926.

Complaint; from city court of Atlanta—Judge Reid. June 19, 1926.

*Arminius Wright,* for plaintiffs in error. *Lee Douglas,* contra.

JENKINS, P. J. This was a suit by the owner of a building against the lessee for damage to the realty, occasioned by sulphuric acid coming in contact with the flooring, thereby disintegrating the same. The property was leased by the owner for a term of seven years to the defendant as tenant, who conducted an electric-battery service. The lease provided that "the said lessee will, at the expiration of the term hereby created, yield up possession of said premises and all keys thereto belonging unto the said lessor, in as good order and repair as when first received, natural wear and tear excepted. The lessee agrees to keep the premises herein leased in repair during the existence and continuance of this lease, at his own expense, the outside walls and roof excepted." It appears without dispute that the floor was injured and more or less destroyed in the manner indicated, the contention of the defendant being that from the nature of the

Appeal and Error, 4 C. J. p. 850, n. 51; p. 852, n. 56.

business in which it was engaged, and for which purpose the building was rented, the leakage of sulphuric acid upon the floor was unavoidable and should have been anticipated as being incident to the ordinary conduct of such business, and that under the evidence submitted and the charge of the court, a verdict in its favor was demanded on the theory that the injury was brought about by the natural wear and tear incident to carrying on the business indicated. There was some evidence going to show that the deleterious effect of any acid which might have been spilled upon the floor might be neutralized by the use of other chemicals at a nominal cost, and one of the witnesses for the defendant testified that it was the custom among those engaged in the battery-service business to employ such a counteractant. The judge charged the jury that "natural wear and tear means such decay or depreciation or deterioration in the value of property as may arise from ordinary and reasonable use." No exception to the charge is taken, and the special grounds of the motion amount to nothing more than an amplification of the general grounds. The jury found a verdict in favor of the plaintiff for a portion of the damage sued for, and the defendant excepted to the refusal to grant a new trial.

Under the charge of the court and the evidence submitted, it was a question of fact for the jury to determine whether the damage incurred arose from the ordinary and reasonable use of the rented premises. The jury having necessarily found that a portion of the damage was occasioned by what amounted to an unreasonable use of the premises, and the evidence not demanding, as a matter of law, a finding to the contrary, their verdict can not be disturbed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*